# Order

**Michigan Supreme Court**
**Lansing, Michigan**

February 8, 2008

134018

PEOPLE OF THE STATE OF MICHIGAN,
          Plaintiff-Appellee,

v

McDANIEL HOPSON,
          Defendant-Appellant.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 134018
COA: 276344
Wayne CC: 05-005826-01

On order of the Court, the application for leave to appeal the April 5, 2007 order of the Court of Appeals is considered and, in lieu of granting appeal, we REVERSE the Court of Appeals' erroneous holding that the defendant is not an aggrieved party and we REMAND this case to the Wayne Circuit Court for further proceedings consistent with this order.  MCR 7.302(G)(1).

To have standing on appeal, a party must be aggrieved by the act of a trial court or appellate court.  MCR 7.203(A); *Federated Ins Co v Oakland Co Road Comm*, 475 Mich 286, 291-292; 715 NW2d 846 (2006).  He must show that the act of which he complains caused an "'injury in fact' — an invasion of a legally protected interest which is (a) concrete and particularized, and (b) 'actual or imminent, not "conjectural" or "hypothetical."'"  *Nat'l Wildlife Federation v Cleveland Cliffs Iron Co*, 471 Mich 608, 628-629; 684 NW2d 800 (2004) (citations omitted).  He must also show that it is likely, rather than merely speculative, that the injury will be "'redressed by a favorable decision.'"  *Id.* at 629 (citation omitted).

Here, defendant has a right to be tried by a jury drawn from a fair cross-section of the community.  *Taylor v Louisiana,* 419 US 522, 27; 95 S Ct 692; 42 L Ed 2d 690 (1975); *People v Smith*, 463 Mich 199, 214; 615 NW2d 1 (2000).  The November 2, 2006 order transferred resolution of the defendant's constitutional challenge to the jury array to the Chief Judge but abeyed resolution of his challenge until *after* his trial.  Accordingly, the Chief Judge's order signified an imminent invasion of a concrete, legally protected interest and the potential injury was more than speculative.  Further, a favorable decision

on appeal would redress the imminent injury because the defendant sought reassignment of his jury challenge back to the trial judge for resolution *before* trial.

Because the Chief Judge's November 2, 2006 order in this case was entered pursuant to Local Administrative Order 2006-12, we REMAND this case to the circuit court for further proceedings consistent with this order and this Court's February 8, 2008 administrative order rescinding a portion of the Third Judicial Circuit Court's LAO 2006-12.

We do not retain jurisdiction.

CAVANAGH, J., concurs with the result of the order.

WEAVER, J., concurs and states as follows:

I concur in the order reversing the judgment of the Court of Appeals that the defendant is not an aggrieved party and remanding this case to the Wayne Circuit Court for further proceedings.

I write separately because I disagree with the application of the erroneous test for standing created by the majority of four (Chief Justice Taylor and Justices Corrigan, Young, and Markman) in *Nat'l Wildlife Federation v Cleveland Cliffs Iron Co*.[1] In that case, the majority of four continued its systematic dismantling of Michigan's standing law, which replaced years of precedent with the majority's own test that denies Michigan citizens access to the courts.[2]

I would hold that the plaintiff has standing under the pre-*Lee* prudential test for standing because the plaintiff has demonstrated "that the plaintiff's substantial interest will be detrimentally affected in a manner different from the citizenry at large." *House Speaker v State Admin Bd*, 441 Mich 547, 554 (1993).

KELLY, J., states as follows:

I concur with the result of the order. I would, however, remand this case to the Court of Appeals for a ruling on the validity of Local Administrative Order No. 2006-12 before the Court takes action on that local administrative order. See my statement

---

[1] *Nat'l Wildlife Federation v Cleveland Cliffs Iron Co*, 471 Mich 608 (2004).

[2] See my opinions chronicling the majority of four's assault on standing in *Lee v Macomb Co Bd of Comm'rs*, 464 Mich 726, 742 (2000), *Nat'l Wildlife*, 471 Mich at 651, *Rohde v Ann Arbor Pub Schools*, 479 Mich 336, 366 (2007), and *Michigan Citizens for Water Conservation v Nestle Waters North America Inc*, 479 Mich 280, 310 (2007).

dissenting from the order rescinding in part Local Administrative Order No. 2006-12, 480 Mich ___ (entered February 8, 2008).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

February 8, 2008

_____
Clerk

d0205