# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

DONTEZ MARC TILLMAN,

      Defendant-Appellant.

UNPUBLISHED
December 22, 2016

No.  329312
Oakland Circuit Court
LC No.  2009-224546-FC

Before:  SAAD, P.J., and METER and MURRAY, JJ.

PER CURIAM.

A jury convicted defendant of one count of first-degree felony murder, MCL 750.316(1)(b), and the trial court originally sentenced defendant to mandatory life imprisonment without parole. Following defendant's appeal, this Court affirmed defendant's conviction, but vacated his sentence and remanded for resentencing because the panel held that defendant's mandatory sentence was unconstitutional because defendant was a juvenile at the time he committed the offense. On remand, the trial court sentenced defendant to 32½ to 60 years' imprisonment. Following resentencing, defendant again appeals and challenges his latest sentence. We affirm.

Defendant's conviction arises from the brutal beating death of a 61-year-old homeless man named Wilford "Frenchie" Hamilton by a group of teenagers in downtown Pontiac in August 2008. Defendant and the other teenagers left Hamilton in an alley behind a nightclub. Hamilton later died from his injuries including blunt force head trauma. Defendant, who was 14 years old at the time of the offense, was charged and convicted as an adult for his participation in the beating death of Hamilton. Defendant appealed his conviction, and this Court affirmed his conviction. However, under *Miller v Alabama*, 567 US ___; 132 S Ct 2455; 183 L Ed 2d 407 (2012), which held that mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on cruel and unusual punishments, *id.*

-1-

at 2460, this Court vacated defendant's mandatory life sentence for first-degree murder and remanded for resentencing.[1]

The prosecutor filed a motion, again seeking to sentence defendant to imprisonment for life without the possibility of parole. The prosecutor acknowledged the United States Supreme Court's decision in *Miller* but also observed that our Legislature, in response to *Miller*, enacted MCL 769.25, which became effective on March 4, 2014. MCL 769.25 provides that a defendant convicted of first-degree murder committed while under the age of 18 shall be sentenced to either imprisonment for life without parole eligibility, or a prison term for which the maximum term shall be not less than 60 years and the minimum term shall be not less than 25 years or more than 40 years. MCL 769.25(9). Pursuant to the Legislature's directive in MCL 769.25, the prosecutor filed its written request asking the trial court to sentence defendant to nonparolable life imprisonment pursuant to MCL 769.25(3) due to defendant's heinous crime, his failure to admit guilt or show remorse, and a history of misconduct and assaultive behavior in prison.

Defendant responded to the prosecutor's motion and argued that while MCL 769.25 allowed the prosecutor to request the trial court to sentence defendant to life imprisonment without the possibility of parole, the trial court should not do so. Defendant argued that the trial court should hold a sentencing hearing under MCL 769.25(6), so defendant could provide evidence that he has a demonstrated potential for rehabilitation. Finally, defendant requested that the trial court sentence defendant under MCL 769.25(9) and (10) to a terms of years with the maximum not to be less than 60 years and the minimum not to be less than 25 years nor more than 40 years.

Subsequently, in defendant's sentencing memorandum, defendant asserted that he was merely 14 years old at the time of the offense and that his demonstrated ongoing path toward rehabilitation indicated that he is not the rare juvenile offender whose crime reflects irreparable corruption and merits a life without parole sentence. Defendant also stated, with regard to his resentencing, that the prosecutor and defendant had reached an agreement that defendant should be sentenced pursuant to MCL 769.25(9) to incarceration for a minimum term of 32½ years.

At the resentencing hearing, after defendant made a statement to the court, where he admitted guilt and apologized to the victim's family, the trial court sentenced defendant to the agreed upon sentence of 32½ to 60 years' imprisonment.

On appeal, defendant argues that his resentencing violated ex post facto principles and should be vacated. This Court reviews an unpreserved constitutional issue for plain error affecting substantial rights. *People v Armisted*, 295 Mich App 32, 46; 811 NW2d 47 (2011).

Defendant has waived this issue for appellate review. "[W]aiver is the intentional relinquishment or abandonment of a known right." *People v Vaughn*, 491 Mich 642, 663; 821 NW2d 288 (2012) (quotation marks and citation omitted). "A defendant who waives a right

---

[1] See *People v McCloud*, unpublished opinion per curiam of the Court of Appeals, issued May 30, 2013 (Docket Nos. 296256 & 296267), pp 1, 5.

extinguishes the underlying error and may not seek appellate review of a claimed violation of that right." *Id*. Specifically, "[a] defendant should not be allowed to assign error on appeal to something his own counsel deemed proper" before the trial court. *People v Green*, 228 Mich App 684, 691; 580 NW2d 444 (1998). "To do so would allow a defendant to harbor error as an appellate parachute." *Id*.

In the trial court, the prosecutor initially filed a motion to preserve the option of a sentence of life imprisonment without the possibility of parole pursuant to MCL 769.25(3). Defendant responded to the motion and urged the trial court to impose a sentence of a term of years pursuant to MCL 769.25(5), (9), and (10). Subsequently, as reported by defendant in his sentencing memorandum to the trial court, the prosecutor and defendant ultimately reached an agreement that defendant should be resentenced pursuant to MCL 769.25(9) to a minimum of 32½ years' imprisonment. In accordance with the agreement of the parties, the trial court sentenced defendant to 32½ to 60 years' imprisonment. To allow defendant to assign error on appeal to his term of years sentence that he specifically requested, and to which defendant and the prosecutor agreed before sentencing, would allow defendant to harbor this alleged error as an appellate parachute. *Id.* Thus, this issue is waived, and any alleged error is extinguished. *Vaughn*, 491 Mich at 663.

Defendant also argues that the trial court erred in failing to impanel a jury at his resentencing hearing. Defendant relies on this Court's decision in *People v Skinner*, 312 Mich App 15, 20; 877 NW2d 482 (2015), which held "that the Sixth Amendment mandates that juveniles convicted of homicide who face the possibility of a sentence of life without the possibility of parole have a right to have their sentences determined by a jury." However, *Skinner* has been effectively overruled by a conflict panel of this Court. See MCR 7.215(J). Indeed, the main holding of *Skinner* is no longer controlling, as this Court held in *People v Hyatt*, ___ Mich App ___; ___ NW2d ___ (Docket No. 325741, issued July 21, 2016), "a judge, not a jury" is to determine whether a person who was a minor at the time he committed the crime is to be sentenced to life in prison without the possibility of parole, and any findings by the judge in relation to MCL 769.25 do not violate a defendant's Sixth Amendment rights. *Id.* at ___, ___ (slip op at 1, 21). The *Hyatt* Court explained that MCL 769.25 "did not alter the statutory maximum sentence that may be imposed based solely on the jury's verdict" and that it did not "make the imposition of the statutory maximum dependent on any particular finding of fact." *Hyatt*, ___ Mich App at ___ (slip op at 15). Therefore, the trial court did not err when it failed to impanel a jury at the resentencing hearing because the conflict panel in *Hyatt* rejected the portion of *Skinner* on which defendant relies.

Defendant further argues that he was *exposed to the threat* of receiving a life without parole sentence for a crime that occurred when he was just 14 years old, and therefore, his sentence pursuant to MCL 769.25 violates both the federal and the Michigan ban on cruel and unusual punishment. Defendant's position is hard to follow, as he argues as though he was sentenced to a term of life without parole,[2] but, as previously discussed, he was ultimately

---

[2] In his brief on appeal, defendant states, "Appellant is one of six individuals in Michigan sentenced to life without parole at the age of 14."

sentenced to a term of years. In essence, defendant argues on appeal that it is unconstitutional for one who was 14 years old at the time of the offense, like defendant, to be sentenced to life without the possibility of parole. But, "[a]s a general rule, one may not claim standing to vindicate the constitutional rights of some third party." *People v Rocha,* 110 Mich App 1, 16; 312 NW2d 657 (1981).

> To have standing on appeal, a party must be aggrieved by the act of a trial court or appellate court. He must show that the act of which he complains caused an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. He must also show that it is likely, rather than merely speculative, that the injury will be redressed by a favorable decision. [*People v Hopson*, 480 Mich 1061 (2008) (quotations marks and citations omitted).]

The trial court sentenced defendant to a term of years sentence, not life without parole. Therefore, defendant has not suffered an injury in fact as required to have standing to appeal. Accordingly, there is no need to address defendant's argument.[3]

Affirmed.

/s/ Henry William Saad
/s/ Patrick M. Meter
/s/ Christopher M. Murray

---

[3] In any event, defendant's position—that it is unconstitutional to sentence a minor to life imprisonment without the possibility of parole—has been rejected. While such *mandatory* sentences are unconstitutional, the United States Supreme Court has expressly allowed states to sentence juveniles to life without parole under "appropriate occasions." *Miller,* 132 S Ct at 2469; see also *Montgomery v Louisiana,* ___ US ___; 136 S Ct 718, 726; 193 L Ed 2d 599 (2016) ("*Miller* did not foreclose a sentencer's ability to impose life without parole on a juvenile . . . .).