# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

TEAUNTE LAWRENCE HARPER,

        Defendant-Appellant.

UNPUBLISHED
April 3, 2018

No. 335933
Macomb Circuit Court
LC No. 2016-000421-FC

Before: GLEICHER, P.J., and BOONSTRA and TUKEL, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of assault with intent to do great bodily harm less than murder (AWIGBH), MCL 750.84, possession of a firearm during the commission of a felony (felony-firearm), second offense, MCL 750.227b, and felon in possession of a firearm, MCL 750.224f. Defendant was sentenced, as a fourth habitual offender, MCL 769.12, to 95 months to 30 years' imprisonment for the AWIGBH conviction, five years' imprisonment for the felony-firearm conviction, and 95 months to 30 years' imprisonment for the felon-in-possession-of-a-firearm conviction. We affirm defendant's convictions but remand for resentencing.

This case arises out of a drive-by shooting involving defendant and the victim, who is the mother of two of defendant's children. Defendant got into an argument with the victim and her then-boyfriend at the victim's house. After the argument concluded and defendant was leaving, he stated, "I hope you guys aren't here when I come back." Approximately 20 minutes later, defendant returned in his vehicle, which slowed down almost to a stop in front of the victim's house, and several rounds from a shotgun were fired from the vehicle. Pellets from the shotgun struck the victim's leg and buttocks as she attempted to run away. Later that evening, defendant called the victim and told her, "Why did you run, Bitch?"

## I. SUFFICIENCY OF THE EVIDENCE

Defendant argues that this Court should overturn his convictions because there is insufficient evidence to show that he was the one who committed the offenses. We review a challenge to the sufficiency of the evidence in a jury trial de novo. *People v Gaines*, 306 Mich App 289, 296; 856 NW2d 222 (2014). In doing so, we "view[] the evidence in the light most favorable to the prosecution[] to determine whether the trier of fact could have found that the

essential elements of the crime were proved beyond a reasonable doubt." *Id*. Moreover, any conflicts in the evidence are to be resolved in favor of the prosecution. *People v Fletcher*, 260 Mich App 531, 562; 679 NW2d 127 (2004).

AWIGBH requires "(1) an attempt or threat with force or violence to do corporal harm to another (an assault), and (2) an intent to do great bodily harm less than murder." *People v Blevins*, 314 Mich App 339, 357; 886 NW2d 456 (2016) (quotation marks and citation omitted). However, defendant does not contest the sufficiency of the evidence with respect to these elements. Instead, defendant argues that there was insufficient evidence to show that defendant was the one who committed these acts. "[I]t is well settled that identity is an element of every offense." *People v Yost*, 278 Mich App 341, 356; 749 NW2d 753 (2008).

At trial, the victim testified that she was not sure if defendant had been the person who fired. However, the victim also admitted in her testimony that she had identified defendant as the shooter to police immediately after the shooting took place. Her prior statement was admissible because it was not hearsay under MRE 801(d)(1)(C), which exempts statements "of identification of a person made after perceiving the person." As already noted, when reviewing if there is sufficient evidence to sustain a conviction, any conflicts are to be resolved in favor of the prosecution. *Fletcher*, 260 Mich App at 562. Accordingly, the victim's prior identification is sufficient to allow a jury to conclude beyond a reasonable doubt that defendant was the shooter.[1]

With our holding that there is sufficient evidence to allow a jury to conclude that defendant was the principal shooter, it is a foregone conclusion that there also was sufficient evidence to support his firearm convictions. Felony-firearm requires "that the defendant possessed a firearm during the commission of, or the attempt to commit, a felony." *People v Avant*, 235 Mich App 499, 505; 597 NW2d 864 (1999). Since AWIGBH is a felony, and a firearm was used in the commission of the present crime, a jury certainly could have determined that defendant was guilty of felony-firearm. Likewise, because the parties stipulated to the fact that defendant had been previously convicted of a specified felony and was ineligible to possess a firearm, the jury could have found defendant guilty of being a felon in possession of a firearm under MCL 750.224f.

## II. OFFENSE VARIABLE (OV) 3

Defendant argues that the trial court's assessment of 10 points under OV 3 was erroneous. We agree. "Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the

---

[1] Additionally, we note that the jury simply could have chosen not to believe the victim when she testified at trial that she did not know if defendant was the shooter. The victim noted that she was not happy to testify against defendant because, being the father of two of her kids, she did not want him to go to jail. The jury could have chosen instead to rely on the previous identification to police, which, as noted, was admissible evidence.

evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). A court clearly errs when a reviewing court is left with a definite and firm conviction that a mistake was made. *People v Allen*, 295 Mich App 277, 281; 813 NW2d 806 (2011). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Hardy*, 494 Mich at 438.

OV 3 concerns physical injury to the victim. MCL 777.33; *People v Maben*, 313 Mich App 545, 550; 884 NW2d 314 (2015). OV 3 provides that "bodily injury requiring medical treatment" is assessed at 10 points, and "bodily injury not requiring medical treatment" is assessed at five points. MCL 777.33(1); *People v Armstrong*, 305 Mich App 230, 245; 851 NW2d 856 (2014). "Bodily injury" includes "anything that the victim would, under the circumstances, perceive as some unwanted physically damaging consequence." *People v McDonald*, 293 Mich App 292, 298; 811 NW2d 507 (2011).

"The trial court may consider all the record evidence when sentencing, including the contents of a presentence investigation report." *Armstrong*, 305 Mich App at 245. Here, the trial court, by scoring OV 3 at 10 points, necessarily found that the victim suffered injuries that required medical treatment. We have a definite and firm conviction that the trial court erred. Nothing in the record established that the injuries the victim sustained *required* medical treatment. Of course, the fact that the victim declined treatment is not controlling, as OV 3 " 'refers to the *necessity* for treatment and not the victim's success in obtaining treatment.' " *Maben*, 313 Mich App at 551 (emphasis added), quoting MCL 777.33(3). At trial, the victim testified that she was "grazed" by the pellets. Further, the PSIR shows that the victim told police immediately afterward that she was "grazed" by the pellets as well. Indeed, the PSIR notes that the police witnessed that the victim "was alert, up and walking around[,] and refused medical attention from Warren Fire on the scene." Additionally, we have reviewed a photograph that was admitted at trial that shows the victim immediately after the shooting. The picture corroborates the victim's description of being grazed, as it merely shows a tiny drop of blood on her arm, measuring one-half centimeter (or less than one-quarter inch) in diameter. It is hard to fathom that such a minor injury would necessitate medical attention.

In sum, while reviewing all of the available evidence, it is clear that the victim suffered a physical injury, but there was insufficient evidence to show by a preponderance of the evidence that the nature of the injury required medical treatment. Accordingly, OV 3 should have been scored at five points instead of 10.

Reducing defendant's overall OV score by five points results in a corrected total OV score of 45 points. This change results in the proper sentencing guideline cell to be F-IV. See MCL 777.65. Consequently, the minimum guidelines range went from 38 to 152 months down to 34 to 134 months. While defendant's imposed minimum sentence of 95 months still falls within the corrected guidelines range, resentencing is nonetheless required. See *People v Francisco*, 474 Mich 82, 89-92; 711 NW2d 44 (2006).

## III. JAIL CREDIT

Defendant argues that he should be granted an additional 73 days of jail credit for time that he served in jail between November 3, 2015, and January 15, 2016. We disagree. This Court reviews the issue of whether defendant is entitled to sentence credit for time served prior to sentencing as a question of law that is reviewed de novo. *People v Armisted*, 295 Mich App 32, 49; 811 NW2d 47 (2011).

Defendant's PSIR indicates that he was arrested in relation to the present case on December 12, 2014. Defendant admits that while he was in jail in Macomb County, he was charged in the Wayne Circuit Court for several offenses that were completely unrelated to this case. Defendant further states that he was transferred from the Macomb County Jail ("MCJ") to the Wayne County Jail ("WCJ") on November 3, 2015, and that he was not transferred back to the MCJ until January 15, 2016, the time of his arraignment in Macomb County. Defendant now seeks credit for the 73 days served in the WCJ and requests that this Court apply such credit to his current sentences.

The issue of whether defendant is eligible for credit for time served prior to sentencing is governed by MCL 769.11b, which states:

> Whenever any person is hereafter convicted of any crime within this state and has served *any time in jail prior to sentencing* because of being denied or unable to furnish bond *for the offense of which he is convicted*, the trial court in imposing sentence shall specifically grant credit against the sentence for such time served in jail prior to sentencing. [Emphasis added.]

Defendant claims that the critical factor is that he was in jail prior to sentencing for the entire time period between arrest and sentencing. Defendant further contends that the fact that he was in jail for a portion of that time in a different county, and for different crimes, is irrelevant to the overall calculation of credit for time served prior to sentencing. Defendant is incorrect in this regard, and his argument overlooks the meaning of an important element of MCL 769.11b, which specifically states that a defendant is entitled to jail credit for time served "for the offense of which he is convicted." For a time, defendant was in the WCJ in relation to other charges and, thus, he was not in the MCJ in relation to the present case at that time. Because MCL 769.11b only permits the assignment of jail credit for time served in relation to the specific offense for which defendant was convicted, defendant may not receive jail credit for the 73 days that he spent in the WCJ. Accordingly, defendant's claim fails.

## IV. LATE FEE

Defendant also argues that his due process and equal protection rights were violated by the imposition of a 20% late fee penalty for late payment of court fees and costs. Defendant asserts that the imposition of this 20% late fee is unconstitutional because he is indigent. However, defendant cannot show how he is entitled to any relief because there is nothing in the lower court record to indicate that defendant was actually assessed any late fee. Accordingly, there is no evidence that there is any action for us to correct, and we decline to address the issue. See *People v Jackson*, 483 Mich 271, 298; 769 NW2d 630 (2009) (declining to address

constitutionality of 20% late fee when there was no indication defendant was ever assessed the fee); *People v Hopson*, 480 Mich 1061, 1061 (2008) (stating that to have standing, an appellant must have suffered an "injury in fact").

We affirm defendant's convictions but remand for resentencing. On remand, the trial court is to consider the proper minimum, sentencing guidelines range. We do not retain jurisdiction.

/s/ Elizabeth L. Gleicher
/s/ Mark T. Boonstra
/s/ Jonathan Tukel