PEOPLE v ALLEN

Docket No. 299267. Submitted November 8, 2011, at Detroit. Decided
    November 22, 2011. Approved for publication January 24, 2012, at
    9:00 a.m.

    Regina M. Allen pleaded guilty in the Oakland Circuit Court of
        attempting to commit prescription fraud, MCL 333.7407(1)(c) and
        333.7407a(1). The court, Martha D. Anderson, J., sentenced her to
        one year of probation and ordered her to pay restitution in the
        amount of $5,753.88 to Blue Cross Blue Shield of Michigan. Allen
        appealed by delayed leave granted the court's order requiring her
        to pay restitution.

        The Court of Appeals *held*:

        Under MCL 780.766(2), a trial court does not have discretion to
        order a convicted defendant to pay restitution; rather, it must
        order the defendant to pay restitution and the amount must fully
        compensate any victim of the defendant's course of conduct that
        gave rise to the conviction. In this context, the term "victim"
        includes a sole proprietorship, partnership, corporation, associa-
        tion, governmental entity, or any other legal entity that suffers
        direct physical or financial harm as a result of a crime. To
        determine the amount of restitution, the trial court must consider
        the amount of the loss sustained by any victim as a result of the
        offense. The phrase "course of conduct" must be given a broad
        construction to effectuate the intent of the Legislature and the
        remedial purpose of the statute. In this case, Blue Cross lost the
        time-value of the hours that its fraud investigator spent investi-
        gating Allen's actions. The loss to Blue Cross was not the money it
        spent on the investigator's salary, which the company would likely
        have incurred anyway, but the loss of the investigator's time,
        which could have been spent on other matters. That loss could be
        measured by assigning a value to the hours that Blue Cross spent
        on the investigation. Accordingly, the trial court did not clearly err
        when it found that Blue Cross suffered direct financial harm as a
        result of Allen's course of criminal conduct.

        Affirmed.

Sentences — Restitution — Crime Victims — Amount of Restitution — Direct Financial Harm — Time Spent Investigating the Crime.

A trial court does not have discretion to order a convicted defendant to pay restitution; rather, it must order the defendant to pay restitution and the amount must fully compensate any victim of the defendant's course of conduct that gave rise to the conviction; in this context, the term "victim" includes a sole proprietorship, partnership, corporation, association, governmental entity, or any other legal entity that suffers direct physical or financial harm as a result of a crime; to determine the amount of restitution, the trial court must consider the amount of the loss sustained by any victim as a result of the offense; the phrase "course of conduct" must be given a broad construction to effectuate the intent of the Legislature and the remedial purpose of the statute; the loss of time incurred by a company when an employee of the company has spent time investigating a crime committed against it instead of working on other matters may be a direct financial harm; the value of that harm can be measured by assigning a value to the time spent on the investigation (MCL 780.766, MCL 780.767[1]).

*Bill Schuette*, Attorney General, *John J. Bursch*, Solicitor General, *Jessica R. Cooper*, Prosecuting Attorney, and *Thomas R. Grden* and *Marilyn J. Day*, Assistant Prosecuting Attorneys, for the people.

*Kevin A. Landau* for defendant.

Before: M. J. KELLY, P.J., and SAAD and O'CONNELL, JJ.

PER CURIAM. Defendant Regina Marie Allen appeals by delayed leave granted the trial court's order requiring her to pay restitution. After Allen pleaded guilty to attempting to commit prescription fraud, see MCL 333.7407(1)(c); MCL 333.7407a(1), the trial court sentenced Allen under a sentencing agreement to serve one year of probation and ordered her to pay $5,753.88 in restitution to Blue Cross Blue Shield of Michigan. The sole question on appeal is whether the trial court erred when it found that Blue Cross had suffered a loss as a result of Allen's course of criminal conduct. Because we

conclude that the trial court did not clearly err when it found that Blue Cross suffered such a loss, we affirm the trial court's order of restitution.

## I. BASIC FACTS AND PROCEDURAL HISTORY

In November 2009, Allen attempted to purchase a controlled substance from a pharmacy using a fraudulent prescription. The prescription contained a legitimate Blue Cross contract number. The pharmacy alerted Blue Cross to the attempted purchase later that same month.

At the time, Allen was a customer service representative with a Blue Cross vendor, Allegra Direct. Through her employment, Allen had access to two major databases. These databases contained private information regarding Blue Cross subscribers; the information included the subscribers' contract numbers, Social Security numbers, dates of birth, home addresses, and physician records.

Nina Burnett testified at Allen's restitution hearing that she was a field investigator with Blue Cross and that her department investigates fraud. Burnett investigated Allen's attempt to purchase the controlled substance. Burnett determined that Allen used an actual Blue Cross subscriber's name on the fraudulent prescription. As a result, Burnett feared that Allen might have defrauded Blue Cross in prior incidents. Indeed, after she learned that Allen had access to protected Blue Cross information, Burnett extended the investigation to determine whether Allen misused confidential information. Burnett stated that Blue Cross had a legal obligation to investigate whether its subscribers' health information had been compromised.

Burnett investigated whether Blue Cross had paid for similar prescriptions written by the same physician

that Allen had listed on the known fraudulent prescription. As part of her investigation, Burnett met with the physician's staff, obtained video from various pharmacies, and examined signature logs. Additionally, Blue Cross's information technology department investigated Allen's use of the Blue Cross subscriber database. Burnett was not able to definitively connect Allen to any other fraudulent prescriptions.

Burnett testified that her investigation into Allen's fraudulent prescription was significantly more time-consuming and detailed than other "ordinary" investigations because Allen had access to patients' confidential information. Burnett stated that Blue Cross spent $5,738 to investigate Allen's fraud and whether she misused subscriber information. She said that she determined this amount by multiplying an hourly rate of $130.77, which was determined by dividing her department's annual budget by the number of hours the department's investigators spent investigating claims, and multiplying that by the 44 hours that she spent working on the investigation. She stated that this rate did not include the cost of assistance by other departments; therefore, the research by the information technology staff was not included in the hourly rate.

Burnett testified that she is a salaried employee and would have been paid the same amount of money without regard to Allen's attempted fraud. Burnett nevertheless stated that Blue Cross suffered a loss because the money that it spent investigating Allen's fraud could have been spent on claims or controlling premiums. Burnett explained that Blue Cross generally attempts to recoup money from the perpetrators of fraud.

The trial court ultimately determined that Blue Cross was entitled to the requested restitution and ordered Allen to pay $5,753.88 to Blue Cross as part of her sentence.

## II. RESTITUTION

### A. STANDARD OF REVIEW

Allen argues on appeal that the trial court erred by ordering her to pay Blue Cross for the costs associated with investigating her fraud. A trial court does not have discretion to order a convicted defendant to pay restitution; it must order the defendant to pay restitution and the amount must fully compensate the defendant's victims. See *People v Gahan*, 456 Mich 264, 270 n 6; 571 NW2d 503 (1997).[1] Whether and to what extent a loss must be compensated is a matter of statutory interpretation; and this Court reviews de novo the proper interpretation of statutes. See *People v Bemer*, 286 Mich App 26, 31; 777 NW2d 464 (2009). However, this Court reviews the findings underlying a trial court's restitution order for clear error. MCR 2.613(C). A finding is clearly erroneous if this Court is left with the definite and firm conviction that a mistake has been made. *People v Akins*, 259 Mich App 545, 564; 675 NW2d 863 (2003).

### B. ANALYSIS

Article 1, § 24 of the Michigan Constitution provides that crime victims have the "right to restitution." Const 1963, art 1, § 24. Additionally, with the Crime Victim's Rights Act, MCL 780.751 *et seq.*, the Legislature required trial courts to order convicted defendants to pay restitution:

[W]hen sentencing a defendant convicted of a crime, the

---

[1] It is, for that reason, inaccurate to state that trial courts have discretion to award restitution. Further, because the statute plainly requires the trial court to order "full" restitution, see MCL 780.766(2), it necessarily follows that a trial court abuses its discretion when it orders restitution other than full restitution.

court shall order, in addition to or in lieu of any other
penalty authorized by law or in addition to any other
penalty required by law, that the defendant make full
restitution to any victim of the defendant's course of
conduct that gives rise to the conviction .... [MCL
780.766(2).]

For the purposes of MCL 780.766(2), the term "victim"
includes "a sole proprietorship, partnership, corpora-
tion, association, governmental entity, or any other
legal entity that suffers direct physical or financial
harm as a result of a crime." MCL 780.766(1). To
determine the amount of restitution, "the court shall
consider the amount of the loss sustained by any victim
as a result of the offense." MCL 780.767(1). The term
"course of conduct" must be given "a broad construc-
tion" to best effectuate the intent of the Legislature.
*Gahan*, 456 Mich at 271. Further, with the Crime
Victim's Rights Act, the Legislature plainly intended to
shift the burden of losses arising from criminal
conduct—as much as practicable—from crime victims
to the perpetrators of the crimes; thus, it is "remedial in
character and should be liberally construed to effectu-
ate its intent." *See People v Gubachy*, 272 Mich App 706,
710; 728 NW2d 891 (2006).

Allen argues that Blue Cross's investigation did not
amount to a financial harm because the costs would
have been incurred regardless of her course of criminal
conduct. She asserts that Burnett would have received
the same salary and worked the same hours even in the
absence of Allen's attempt to fraudulently purchase a
controlled substance. Thus, Blue Cross did not suffer a
loss within the meaning of the Crime Victim's Rights
Act.

The evidence showed that Burnett was a salaried,
full-time employee in a department dedicated to inves-
tigating fraud. Nevertheless, Burnett's department had

numerous claims to investigate and she plainly could have spent the 44 hours that she spent investigating Allen's fraud on other matters. Accordingly, Blue Cross essentially lost the time-value of the 44 hours that Burnett had to spend investigating Allen's fraud, rather than some other fraud. That is, the loss to Blue Cross was *not* Burnett's salary or the department's budget; Blue Cross would likely have incurred those costs regardless of Allen's criminal conduct. Rather, it was the loss of time that amounted to a direct financial harm, which can be measured by assigning a value to the hours spent on the investigation. Accordingly, the trial court did not clearly err when it found that Blue Cross suffered a direct financial loss as a result of Allen's course of criminal conduct. And Allen has not challenged the trial court's finding that this loss should be valued at $5,753.88.

On this record, we cannot conclude that the trial court erred when it ordered Allen to pay Blue Cross restitution in the amount of $5,753.88.

Affirmed.

M. J. KELLY, P.J., and SAAD and O'CONNELL, JJ., concurred.