# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

CARL LEMAR BATTLE,

       Defendant-Appellant.

UNPUBLISHED
October 18, 2016

No. 326918
Wayne Circuit Court
LC No. 14-009082-01-FH

Before: SAAD, P.J., and JANSEN and M. J. KELLY, JJ.

PER CURIAM.

After a bench trial, defendant was convicted of two counts of assault with a dangerous weapon (felonious assault), MCL 750.82, and one count of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The trial court sentenced defendant to two years' imprisonment for felony-firearm and three years' probation for each conviction of felonious assault. Defendant appeals, and for the reasons provided below, we affirm.

Defendant argues that the trial court rendered a verdict that is against the great weight of the evidence, as the trial court failed to consider that defendant had a right to draw his firearm in response to another gun being drawn against him. We disagree.

In a bench trial, to determine if the verdict was against the great weight of evidence, we first review the court's findings of fact for clear error. See *Ambs v Kalamazoo Co Rd Comm*, 255 Mich App 637, 651; 662 NW2d 424 (2003). A finding is clearly erroneous if the reviewing court is left with a definite and firm conviction that a mistake was made. *People v Allen*, 295 Mich App 277, 281; 813 NW2d 806 (2011). The determination of whether a verdict is against the great weight of evidence requires review of the whole body of proofs. *People v Herbert*, 444 Mich 466, 475; 511 NW2d 654 (1993), overruled on other grounds by *People v Lemmon*, 456 Mich 625 (1998). A verdict is against the great weight of evidence if "the evidence preponderates so heavily against the verdict that it would be a miscarriage of justice to allow the verdict to stand." *People v Lacalamita*, 286 Mich App 467, 469; 780 NW2d 311 (2009).

Defendant was found guilty of one count of felony-firearm and two counts of felonious assault. To support defendant's convictions, the prosecution was required to prove beyond a reasonable doubt that defendant possessed a firearm, used it to assault Brandi Smith and Melena Hamilton, and that defendant acted with the intent to injure Brandi and Melena or place them in reasonable apprehension of an immediate battery. See *People v Johnson*, 293 Mich App 79, 82;

-1-

808 NW2d 815 (2011) (delineating the elements of felony-firearm); *People v Chambers*, 277 Mich App 1, 7; 742 NW2d 610 (2007) (defining the elements of felonious assault).

The trial court determined that defendant was guilty of the charged crimes because it found that he drew and pointed his gun at both Brandi and Melena when he tried to enter their home. Although defendant does not challenge these particular findings on appeal, we hold that they are not clearly erroneous, as they are supported by Brandi's and Melena's testimony.

Defendant, instead, asserts that the verdict was against the great weight of the evidence because the trial court failed to consider self-defense. Common law self-defense is an affirmative defense that legally "justifies otherwise punishable criminal conduct"—here, felonious assault—if, at the time the defendant engaged in the conduct, he "honestly and reasonably believed that his life was in imminent danger" and that the conduct was necessary to prevent harm to himself. *People v Dupree*, 486 Mich 693, 707, 708; 788 NW2d 399 (2010). Further, in order to have a legally viable claim of self-defense under the common law, a defendant may not use force beyond that necessary to protect himself and *must not be the initial aggressor. Id.* at 707.

Defendant is wrong: the trial court did consider the issue of self-defense. Indeed, the trial court expressly held that defendant could not successfully assert the defense "because he had a duty to retreat from the home of this family. Once he was told to leave the first time he should have left." Moreover, while the trial court focused on a duty to retreat, the issue can be disposed of easily because defendant was the initial aggressor in the encounter. The evidence was overwhelming that defendant arrived unannounced at Brandi and Melena's house and refused to leave when asked to do so. Further, the evidence shows that Melena only produced a gun after defendant either tried to physically keep Brandi from entering her home or when he, himself, tried to gain access to the home. Thus, the record is clear that defendant was the initial aggressor in this confrontation. As a result, he cannot avail himself of the common-law defense of self-defense.

Accordingly, the evidence did not preponderate heavily against the verdict, and defendant's claim that the verdict was against the great weight of evidence fails.

Affirmed.

/s/ Henry William Saad
/s/ Kathleen Jansen
/s/ Michael J. Kelly