*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

v

LORENZO J. HARRELL,

Defendant-Appellee.

UNPUBLISHED
February 26, 2019

No. 339800
Wayne Circuit Court
LC No. 93-007172-01-FC

Before: STEPHENS, P.J., and K. F. KELLY and TUKEL, JJ.

PER CURIAM.

The prosecution appeals as of right the trial court's order resentencing defendant, and by extension, the underlying order granting defendant's motion for relief from judgment. The prosecution contends on appeal that the trial court erred in determining that defendant's motion for relief from judgment was an initial motion rather than a successive motion governed by MCR 6.502(G). Further, the prosecution contends that even assuming defendant's motion was not a successive motion, defendant failed to demonstrate good cause for not having raised the issue earlier and actual prejudice in the form of an invalid sentence, both of which are necessary to entitle a defendant to resentencing. For the reasons provided below, we affirm.

## I. BACKGROUND

As a preliminary matter, we note that the lower court record delivered to this Court on appeal is missing documents, contains other documents that appear to have been erroneously filed, and that the registers of actions pertaining to both defendant's and codefendant Jenard Sharp's 1993 convictions are in similar disarray.

Defendant and Sharp were originally convicted by a jury in 1993 of first-degree felony murder, MCL 750.316, two counts of assault with intent to murder (AWIM), MCL 750.83, armed robbery, MCL 750.529, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant, who was a juvenile at the time, was sentenced by Judge Margie R. Braxton to life without the possibility of parole for the first-degree murder conviction, life with the possibility of parole for the assault with intent to murder convictions as well as the armed robbery conviction, and the mandatory two years' imprisonment for the

felony-firearm conviction. In 1994, both defendant and Sharp filed claims of appeal challenging their convictions on a number of grounds. In 1996, this Court issued an unpublished opinion holding that it was a violation of double jeopardy to convict defendant and Sharp of felony murder along with the predicate felony, and thus vacated defendant's and Sharp's armed robbery convictions but left intact all other convictions and sentences. *People v Harrell*, unpublished per curiam opinion of the Court of Appeals, issued August 16, 1996 (Docket Nos. 171615 and 172276), pp 1-3.

This appeal arises out of a motion for relief from judgment filed by defendant in 2017. After the release of *Miller v Alabama*, 567 US 460; 132 S Ct 2455; 183 L Ed 2d 407 (2012), and *Montgomery v Louisiana*, ___ US ___; 136 S Ct 718; 193 L Ed 2d 599 (2016), which invalidated mandatory life sentences applied to juveniles, the prosecution filed a notice of intent to seek a term-of-years sentence for defendant's first-degree murder conviction. Shortly thereafter, defendant filed his motion, contending that he should be granted resentencing with respect to his parolable life sentences as well. The trial court agreed, and defendant was ultimately resentenced to 25 to 60 years' imprisonment for his felony-murder conviction, and 17½ to 25 years' imprisonment for his AWIM convictions.

## II. DISCUSSION

The prosecution contends that defendant never should have been resentenced on the AWIM convictions. We disagree.

"We review a trial court's decision on a motion for relief from judgment for an abuse of discretion and its findings of facts supporting its decision for clear error." *People v Swain*, 288 Mich App 609, 628; 794 NW2d 92 (2010). "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes or makes an error of law." *Id.* (citation omitted). "A finding is clearly erroneous if this Court is left with the definite and firm conviction that a mistake has been made." *People v Allen*, 295 Mich App 277, 281; 813 NW2d 806 (2011). "Matters of constitutional and statutory interpretation are reviewed de novo." *People v Skinner*, 502 Mich 89, 99; 917 NW2d 292 (2018). "[W]e review de novo the proper interpretation and application of court rules." *People v Traver*, 502 Mich 23, 31; 917 NW2d 260 (2018). "[W]hen interpreting a court rule, this Court begins with the text of the court rule and reads the individual words and phrases in their context within the Michigan Court Rules." *Id.*

The prosecution first contends that the trial court never should have considered defendant's motion for relief from judgment because it constituted a successive motion that was limited by the restrictions of MCR 6.502(G). We note that a large portion of the prosecution's argument on appeal is that the trial court failed to *apply* MCR 6.502(G) to defendant's motion for relief from judgment. In fact, the trial court determined that defendant's motion was not a successive motion, and thus the issue is less about *how* MCR 6.502(G) applies and more about *whether* it applies at all. Although the poorly organized condition of the lower court file complicates review of the issue on appeal, ultimately, it cannot be said that the trial court clearly erred when it concluded that defendant's motion for relief from judgment was not a successive motion, nor should defendant bear the responsibility for the disorder of the lower court file.

The Michigan Court Rules provide that a judgment of conviction and sentence not subject to appellate review may be reviewed by the circuit court solely upon the filing of a proper motion for relief from judgment. MCR 6.501; MCR 6.502. MCR 6.502 provides a number of procedural requirements that must be satisfied prior to the trial court considering the substance of the motion. MCR 6.502(G) provides the following:

**(G) Successive Motions.**

(1) Except as otherwise provided in subrule (G)(2), regardless of whether a defendant has previously filed a motion for relief from judgment, after August 1, 1995, one and only one motion for relief from judgment may be filed with regard to a conviction. The court shall return without filing any successive motions for relief from judgment. A defendant may not appeal the denial of a rejection of a successive motion.

(2) A defendant may file a second or subsequent motion based on a retroactive change in law that occurred after the first motion for relief from judgment or a claim of new evidence that was not discovered before the first such motion. The clerk shall refer a successive motion that asserts that one of these exceptions is applicable to the judge to whom the case is assigned for a determination whether the motion is within one of the exceptions.

The prosecution contends that the trial court never should have considered defendant's motion for relief from judgment because it constituted a successive motion that fell under the purview of MCR 6.502(G)(1), and that defendant failed to establish a change in law or newly uncovered evidence that would permit consideration of a successive motion. Specifically, the prosecution claims that defendant filed his initial motion for relief from judgment in 2005 and that the trial court issued an opinion and order denying the motion on October 24, 2005.

A full review of the record clearly shows that the motion for relief from judgment disposed of by the October 24, 2005 order was filed by co-defendant Sharp and *not* defendant. The record then reflects continued failure by the trial court to rectify its mistake despite consistent communication and pleas from defendant for the error to be corrected. On appeal, the prosecution concedes that, "admittedly, defendant seems to be correct" about the motion, and that "the body of the order seemed to discuss the issues raised in Sharp's motion, not defendant's motion," yet contends that defendant should nevertheless have been barred from filing a motion for relief from judgment because defendant failed to appeal either the October 24, 2005 order, or the December 7, 2005 order denying defendant's request for reconsideration.[1]

The argument simultaneously accepts that the October 24, 2005 order was erroneously captioned and did not pertain to a motion filed by defendant, yet suggests that defendant's failure

---

[1] Although titled a "motion for reconsideration," we note that the motion was a pro se attempt by defendant to inform the court that the order denying relief from judgment was erroneously captioned with his name and file number.

to appeal an order *that did not apply to him* extinguished his right to file a motion for relief from judgment in the future. To hold that defendant was clearly not the subject of the October 24, 2005 order and yet that the order should be treated as though it disposed of a motion by defendant for the purpose of applying MCR 6.502(G) would be entirely inequitable. Such a holding also would raise complicated issues of whether defendant had standing to appeal an order which facially applied to him but in fact was not properly directed to his conduct. Although defendant did not file an appeal from the October 24, 2005 order, and although defendant did not appeal the December 7, 2005 order denying his motion for reconsideration, defendant made continual and consistent efforts to enlighten the trial court as to its record-keeping error *and* to obtain the alleged February 20, 2004 order that, according to the register of actions, actually pertained to him. Defendant sought to obtain the February 20, 2004 order *for the purpose of filing an appeal*. Defendant's letters indicate that he was aware of his appellate rights and that is exactly why he continuously sought to obtain—without success—a copy of the February 20, 2004 order, as opposed to the October 24, 2005 order.

Admittedly, and although the prosecution does not discuss the February 20, 2004 order on appeal, the existence of the order would suggest that defendant did file a motion for relief from judgment sometime in 2003.[2] However, the existence of the order cannot be confirmed, as the lower court file provided on appeal does not contain the order or any related documents, and defendant has consistently demonstrated that he has never been provided a copy of the order. Thus, there is no way to determine, based upon the register of actions alone—which is riddled with its own errors—that defendant ever actually filed a motion in 2003, or that an order ever actually was entered or circulated in 2004.

Through no fault of defendant, it is unclear whether he filed a motion for relief from judgment in 2003, and it is even more unclear, assuming such a motion was filed, whether the trial court disposed of the motion. It is clear, however, that the motion for relief from judgment filed in 2005 was *not* filed by defendant and that the October 24, 2005 order was erroneously captioned with defendant's name. Based upon those facts, we are not left with a definite and firm conviction that the trial court was mistaken when it determined that, to the extent that defendant had ever filed a motion for relief from judgment, the motion had never been properly reviewed and decided. Consequently, it cannot be said that the trial court's decision to treat defendant's motion for relief from judgment as an initial rather than a successive motion was an abuse of discretion.[3]

---

[2] The register of actions suggests that defendant filed the motion on August 12, 2003, another motion or a supplemental motion on September 17, 2003, and that the trial court denied defendant's motion on February 20, 2004.

[3] Because the trial court did not clearly err in determining that defendant's April 12, 2017 motion for relief from judgment was an initial motion, we do not consider the prosecution's arguments regarding whether the motion would have qualified for consideration notwithstanding its possible successive status, i.e., whether a retroactive change in law occurred or whether new evidence was discovered warranting the filing of a successive motion. Such arguments are moot.

The prosecution next argues that the trial court abused its discretion when it determined that good cause and actual prejudice existed to warrant granting defendant's motion for relief from judgment. We disagree.

"MCR 6.508 protects [against] unremedied manifest injustice, preserves professional independence, conserves judicial resources, and enhances the finality of judgments." *People v Clark*, 274 Mich App 248, 253; 732 NW2d 605 (2007). Subsection D provides the circumstances under which a motion for relief from judgment may be granted:

> **(D)  Entitlement to Relief.**  The defendant has the burden of establishing entitlement to the relief requested. The court may not grant relief to the defendant if the motion
>
> *  *  *
>
> (3) alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction and sentence or in a prior motion under this subchapter, unless the defendant demonstrates
>
> > (a) good cause for failure to raise such grounds on appeal or in the prior motion, and
> >
> > (b) actual prejudice from the alleged irregularities that support the claim for relief. As used in this subrule, "actual prejudice" means that,
> >
> > *  *  *
> >
> > > (iv) in the case of a challenge to the sentence, the sentence is invalid. [MCR 6.508(D)(3).]

With regard to the actual prejudice prong, we note that, despite requesting the transcript of defendant's original 1993 sentencing hearing, this Court has not been provided it. Thus, there is nothing for us to review to assess the trial court's conclusion that the original sentencing judge failed to exercise discretion when she imposed a parolable life sentence. Without anything to challenge or assess the trial court's interpretation of the original sentencing transcript, we are incapable of disturbing it, as it is impossible for us to reach "a definite and firm conviction that a mistake has been made."[4] *Allen*, 295 Mich App at 281. Thus, the only reviewable issue on

---

[4] This aspect makes the present case distinguishable from this Court's recent opinion in *People v Williams*, ___ Mich App ___; ___ NW2d ___ (2018) (Docket No. 339701). In *Williams*, the defendant, like the defendant here, argued that the sentencing court "gave less thoughtful consideration" to his parolable sentences, given that the court had also sentenced the defendant to life without the possibility of parole. *Id.* at ___; slip op at 5. This Court held that the defendant could not prove that the parolable life sentences at issue in that case constituted an invalid sentence, i.e., actual prejudice. The Court noted that such an argument rested on speculation, which "the record does not support." *Id.* at ___; slip op at 3, 5. In support of its

appeal is whether defendant properly established good cause to support his failure to raise the argument prior to his motion for relief from judgment.

A defendant may show good cause by "showing that some external factor prevented counsel from previously raising the issue." *People v Reed*, 449 Mich 375, 378; 535 NW2d 496 (1995) (opinion by BOYLE, J.). "External factors include 'showing that the factual or legal basis for a claim was not reasonably available to counsel . . . .' " *Id.* at 385 n 8.

First, the prosecution concedes that good cause existed for defendant's failure to raise the argument that the trial court did not give adequate consideration to defendant's parolable life sentences because—prior to *Miller* and *Montgomery*—the trial court was under the mistaken belief that defendant's life without parole sentence was constitutional and that defendant would spend the rest of his natural life in prison, regardless of his other non-murder sentences. But at the same time, the prosecution contends that defendant failed to establish good cause for the actual reason the trial court granted resentencing—the failure of the sentencing judge to exercise discretion. The argument is splitting hairs. Based upon the motion hearing transcript, it cannot be said that, when the trial court implicitly found good cause by granting defendant's motion for relief from judgment, the court at all distinguished the lack of adequate consideration based upon defendant's then-natural-life sentence from the failure to exercise discretion. That is, a reasonable interpretation of the trial court's ruling was that good cause was established by the sentencing judge's lack of exercise of discretion *based upon* her belief that defendant would spend his natural life in prison.

Second, perhaps the most obvious external factor that provided good cause for defendant's failure to raise the argument that the sentencing judge failed to exercise her discretion was this Court's explicit ruling in 1996 that such an argument would have been moot. In response to arguments made by Sharp in defendant's and Sharp's consolidated appeals challenging Sharp's lesser sentences, this Court simply held, "Because we do not find that Sharp's conviction for felony murder should be reversed, we need not consider his argument that he should be resentenced on the remaining counts." *Harrell*, unpub op at 3. Thus, defendant would have reasonably believed that he need not and in fact could not raise such sentencing arguments prior to *Miller* and *Montgomery* because they were moot, as this Court had explicitly confirmed the same. Under the circumstances, the trial court's finding of good cause for failing

---

holding, the Court quoted from the original sentencing transcript, *which showed that the sentencing judge had exercised her discretion* in sentencing the defendant to life with the possibility of parole. *Id.* at ___; slip op at 5. But here, despite this Court's request, no transcript of the sentencing hearing can be produced, and the circuit court, who did have a copy of the sentencing transcript, *found that the sentencing judge failed to exercise discretion* in imposing the life with the possibility of parole sentences. As we have already noted, without a copy of that transcript before us, we cannot evaluate—and, hence, cannot disturb—the circuit court's interpretation of that sentencing proceeding. Therefore, *Williams* is distinguishable and does not dictate the outcome in this circumstance.

to raise the sentencing issues prior to the Supreme Court's decisions in *Miller* and *Montgomery* was not outside the range of reasonable and principled outcomes.

Lastly, the prosecution suggests in its brief that reversal is warranted solely because the trial court failed to explicitly articulate its finding of good cause. The prosecution cites no caselaw to suggest that the failure to articulate good cause specifically constitutes an abuse of discretion—particularly where it is clear from the court's conclusion that it *did* believe good cause existed. Regardless, the trial court's ultimate conclusions—that good cause existed and that defendant's parolable sentences were invalid—were apparent from its ruling, and consequently, the prosecution's argument is not persuasive.

Affirmed.

/s/ Cynthia Diane Stephens
/s/ Jonathan Tukel