*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MELISSA ANN SHARNOWSKI,

        Defendant-Appellant.

UNPUBLISHED
December 19, 2019

No. 345033
Wayne Circuit Court
LC No. 17-002217-01-FH

Before: MURRAY, C.J., and SAWYER and GLEICHER, JJ.

PER CURIAM.

Defendant appeals by delayed leave granted[1] the order reaffirming the original amount of restitution ordered at sentencing after remand by this Court.[2] In the current appeal, defendant argues that the trial court, erred in awarding restitution on the basis of uncharged conduct. We vacate the restitution order and remand with instructions that the trial court determine the amount of restitution based only on the course of charged conduct.

## I. FACTUAL BACKGROUND

Defendant's provisional license to practice psychology lapsed on August 31, 2015, but defendant continued to provide psychological services through July 2016. Defendant was charged with one count of the unauthorized practice of a health profession from January 11, 2016, through March 3, 2016. On March 21, 2017, defendant pleaded guilty to the reduced charge of the attempted unauthorized practice of a health provision, MCL 33.6294. At the sentencing hearing, the prosecution sought restitution in the amount of $299,978 for patient reimbursements paid to defendant by Blue Cross Blue Shield (BCBS) for the period of August

---

[1] *People v Sharnowski*, unpublished order of the Court of Appeals, entered January 18, 2019 (Docket No. 345033).

[2] *People v Sharnowski*, unpublished order of the Court of Appeals, entered December 27, 2017 (Docket No. 339796).

-1-

15, 2015, to July 2016.[3] Defendant was sentenced to one year of probation, and was ordered to pay $299,978 in restitution.

Defendant appealed the order of restitution contending that under *People v McKinley*, 496 Mich 410; 852 NW2d 770 (2014), restitution is only permitted for charged conduct. Because restitution is only permitted for charged conduct, defendant argued that she should only have to pay for patient reimbursements made by BCBS from January 11, 2016, through March 3, 2016, which defendant estimated to be about $47,000. We remanded "this case to the trial court to re-evaluate the issue of restitution" under *McKinley*. *People v Sharnowski*, unpublished order of the Court of Appeals, entered December 27, 2017 (Docket No. 339796). The trial court denied defendant's motion for resentencing, and this appeal ensued.

## II. STANDARD OF REVIEW

"The proper application of MCL 780.766(2) and other statutes authorizing the assessment of restitution at sentencing is a matter of statutory interpretation, which we review de novo." *McKinley*, 496 Mich at 414-415. "We review a court's calculation of a restitution amount for an abuse of discretion, and its factual findings for clear error." *People v Corbin*, 312 Mich App 352, 361; 880 NW2d 2 (2015) (citations omitted).

## III. ANALYSIS

The trial court erred in ordering restitution on the basis of a course of conduct that did not give rise to defendant's charge or conviction of the attempted unauthorized practice of a health profession.

Crime victims have a constitutional and statutory right to compensation. See Const 1963, art 1, § 24; MCL 780.751 *et seq.* As such, trial courts must order a person convicted of a crime to pay restitution, and the "amount must fully compensate the defendant's victims." *People v Allen*, 295 Mich App 277, 281; 813 NW2d 806 (2011). The prosecutor bears the burden of proving by a preponderance of the evidence that the victim suffered a loss as a result of the defendant's criminal conduct and the amount of the actual loss. MCL 780.767(4). Michigan's restitution statute, MCL 780.766(2), states in relevant part:

> [W]hen sentencing a defendant convicted of a crime, the court shall order, in addition to or in lieu of any other penalty authorized by law or in addition to any other penalty required by law, that the defendant make full restitution to any victim of the defendant's course of conduct that gives rise to the conviction[.]

In *McKinley*, 496 Mich at 419, the Court defined the phrase "gives rise to" the conviction as "to produce or cause" the conviction. On the basis of this definition, the Court reasoned that "[o]nly

---

[3] The prosecution also sought an additional $29,000 in restitution for the costs incurred by BCBS in investigating defendant. The trial court did not award restitution for the cost of the investigation.

crimes for which a defendant is charged 'cause' or 'give rise to' the conviction." *Id.* The Court held:

> [T]he statute ties "the defendant's course of conduct" to the convicted offenses and requires a causal link between them. It follows directly from this premise that any course of conduct that does not give rise to a conviction may not be relied on as a basis for assessing restitution against a defendant. Stated differently, while conduct for which a defendant is criminally charged and convicted is necessarily part of the "course of conduct that gives rise to the conviction," the opposite is also true; conduct for which a defendant is *not* criminally charged and convicted is necessarily *not* part of a course of conduct that gives rise to the conviction. [*Id.* at 419-420.]

The Court also analyzed MCL 780.766(2) in conjunction with MCL 780.767, which provides the relevant factors for determining the amount of restitution. *Id.* at 420-421. The Court concluded, citing MCL 780.767(1), that when a trial court determines the amount of restitution to order a defendant to pay it "shall consider the amount of the loss sustained by any victim *as a result of the offense.*" *Id.* at 421 (quotation marks omitted). The Court reasoned that " '[t]he offense' in MCL 780.767 can only refer to the offense of which the defendant was convicted, because it is that 'offense' that makes him subject to being ordered to pay restitution in the first place." *Id.* Therefore, the Court held "these provisions further reinforce our conclusion that MCL 780.766(2) requires a direct, causal relationship between the conduct underlying the convicted offense and the amount of restitution to be awarded." *Id.*

Defendant was convicted by guilty plea of the attempted unauthorized practice of health profession, which was premised on defendant's course of conduct of providing psychological services without a license from January 11, 2016, through March 3, 2016. While defendant engaged in the unlawful conduct from August 2015, to July 2016, MCL 780.766(2) limits restitution to "defendant's course of conduct that gives rise to the conviction." "Uncharged conduct" has been defined as "criminal conduct that the defendant allegedly engaged in that was not relied on as a basis for any criminal charge and therefore was not proved beyond a reasonable doubt to a trier of fact." *Id.* at 413 n 1. In analyzing the causal link required between a defendant's course of conduct and the convicted offense, "conduct for which a defendant is *not* criminally charged and convicted is necessarily *not* part of a course of conduct that gives rise to the conviction." *Id.* at 420.

The felony information provides that defendant engaged in the unauthorized practice of a health profession from January 11, 2016, through March 3, 2016. Because defendant was only charged with engaging in the unauthorized practice of a health profession from January 11, 2016, through March 3, 2016, any illegal conduct defendant engaged in outside of that period of time "was not relied on as a basis for any criminal charge. . . ." *Id.* at 413, n 1. In addition, because defendant was not charged or convicted of the unauthorized practice of a health profession for the period of August 2015, to July 2016, defendant's conduct during this period of time was "necessarily *not* part of a course of conduct that [gave] rise to the conviction." *Id.* at 420. *McKinley* mandates that, because they were not part of the charges, defendant's actions during the entire 12 month period "may not be relied on as a basis for assessing restitution[.]' *Id.* at 419. As a result, the trial court erred when it ordered restitution for losses incurred by BCBS

from August 2015, to July 2016, because those losses were not related to or encompassed within the charged conduct.

At the resentencing hearing the prosecution argued that, under *People v Bryant*, 319 Mich App 207, 210; 900 NW2d 360 (2017), "restitution is not limited to the factual basis of the plea." It was therefore permissible for the trial court to examine defendant's conduct during the entire 12-month period that defendant provided psychological services without a license. But as the prosecution concedes, *Bryant* is significantly different than what is presented here. In *Bryant*, the defendant pleaded guilty to felony-firearm in exchange for the dismissal of a separate charge of second-degree home invasion. *Id*. at 209. The defendant was sentenced to five years in prison, and ordered to pay $1,000 in restitution to cover the insurance deductible of the victim's homeowner's insurance. *Id*. The defendant challenged the restitution, arguing that under *McKinley*, "any loss associated with the theft of additional items was related to the dismissed charge of second-degree home invasion and could not be recovered." *Id*. at 210. We affirmed the restitution order, reasoning that the prosecution had listed in the information the offense of second-degree home invasion as the predicate offense and, therefore, "defendant's felony-firearm conviction was necessarily based on the predicate felony of second-degree home invasion." *Id*. at 212-213. In *Bryant*, we rejected the defendant's argument that "because, as part of the factual basis for his plea, he admitted only to stealing one gun, he cannot be ordered to pay restitution for anything other than that single gun." *Id*. at 213. Instead, the trial court was not limited to the factual basis of the defendant's plea in determining the amount of restitution because it was the commission of the home invasion that gave rise to defendant's felony-firearm conviction. *Id*.

Here, there was no predicate offense. The prosecution only charged defendant with the unauthorized practice of a health profession from January 11, 2016, through March 3, 2016. Defendant pleaded guilty to the unauthorized practice of a health profession only during the specified time period. Therefore, defendant's conviction was based solely on her conduct occurring during that time frame, limiting the amount of restitution.

Likewise, in *People v Foster*, 319 Mich App 365, 369-370; 901 NW2d 127 (2017), the defendant pleaded guilty to breaking and entering and possession with the intent to deliver methamphetamine in exchange for dismissal of two counts of retail fraud. As part of his plea agreement, the defendant agreed to pay restitution associated with the two counts of retail fraud. *Id*. The defendant appealed the order of restitution, arguing that "he cannot be ordered to pay restitution in connection with his two dismissed retail fraud charges because those charges did not result in a conviction." *Id*. at 375. We determined that the concern in *McKinley*, allowing a trial court to order restitution for uncharged conduct, was not "implicated when the defendant expressly agrees to pay restitution to receive the benefit of a bargain struck with the prosecution." *Id*. at 382.

The prosecution now argues that the holding in *Foster* shows that "[t]he *McKinley*, proscription on restitution for uncharged conduct is not a hard [and] fast rule that must be applied in every conceivable circumstance." Thus, the prosecution contends that it was proper for the trial court to award restitution based, in part, on uncharged conduct. We do not see it that way. In *Foster*, we held that *McKinley* does not preclude an agreement to a restitution amount or order on the basis of charges brought but dismissed as part of the plea agreement. *Id*. Defendant did

not agree to pay a specific amount of restitution in exchange for pleading guilty to the attempted unauthorized practice of a health profession. Therefore, for purposes of determining restitution, defendant did not "intentionally relinquish[ ] [her] right to have the prosecution prove every element of the charge beyond a reasonable doubt." *Id*.[4]

We vacate the order of restitution, and remand to the trial court to determine restitution based only on the course of charged conduct. We do not retain jurisdiction.

/s/ Christopher M. Murray
/s/ David H. Sawyer
/s/ Elizabeth L. Gleicher

---

[4] Defendant also argues the trial court failed to follow this Court's initial remand instructions to reevaluate restitution under *McKinley*. "It is the duty of the lower court . . . on remand, to comply strictly with the mandate of the appellate court." *K & K Constr Inc v Dep't of Environmental Quality*, 267 Mich App 523, 544-545; 705 NW2d 365 (2005) (quotation marks and citation omitted). On remand, the trial court considered *McKinley* when it reaffirmed the initial restitution award reasoning, and thus adhered to this Court's mandate to reevaluate the issue of restitution in accordance with *McKinley*.