*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

CHARLES WAYNE DAWSON,

        Defendant-Appellee.

UNPUBLISHED
November 9, 2023

No. 362919
Wayne Circuit Court
LC No. 09-004754-01-FC

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

CHARLES WAYNE DAWSON,

        Defendant-Appellee.

No. 362920
Wayne Circuit Court
LC No. 09-004756-01-FC

Before: HOOD, P.J., and SHAPIRO and YATES, JJ.

PER CURIAM.

In these consolidated appeals, the prosecution appeals by leave granted[1] the trial court's orders granting defendant's motion for relief from judgment. The prosecution argues that the trial court erred by granting defendant's motion and vacating defendant's firearm convictions on the basis of defendant's claim that he used a BB gun for two robberies, which, at the time of

---

[1] *People v Dawson*, unpublished order of the Court of Appeals, entered December 22, 2022 (Docket Nos. 362919 and 362920).

defendant's sentencing, did not qualify as a "firearm." For the reasons stated in this opinion, we reverse and reinstate defendant's convictions and sentences.

## I. BACKGROUND

This appeal relates to three armed robberies committed by defendant, one in 2008, and two in 2009. At his plea proceeding for the 2008 robbery,[2] defendant pleaded guilty to one count of armed robbery, MCL 750.529. Defendant specifically admitted to using a "toy gun" during the robbery of a Speedway, which the victim believed was a real gun. Because defendant did not use a real gun, there were no firearm charges. Defendant failed to appear at sentencing for the 2008 robbery, and he subsequently committed two more armed robberies in 2009 at a Radio Shack store and a Game Stop store, resulting in lower court case nos. 09-004754-01-FC and 09-004756-01-FC, respectively. Over a week after the last robbery, defendant was arrested at his home where the police found a "weapon" that was described in the arrest report as a "BB, PELLET OR GAS-POWERED GUN – BLACK/SILVER IN COLOR CO2 FACSIMILE FIREARM."

In case no. 09-004754-01-FC, defendant pleaded guilty to armed robbery, felon in possession of a firearm, MCL 750.224, and possession of a firearm while committing a felony (felony-firearm), MCL 750.227b, as a second-offense habitual offender. In case no. 09-004756-01-FC, defendant pleaded guilty to two counts of armed robbery, and one count each of felon in possession and felony-firearm, also as a second-offense habitual offender. He entered these pleas on April 2, 2009, pursuant to a *Cobbs*[3] evaluation. Defendant's *Cobbs* evaluation was for concurrent sentences of 18 to 40 years' imprisonment for the 2009 armed-robbery convictions, consecutive to the mandatory two-year terms for felony-firearm.[4] The trial court also preliminarily agreed that these sentences would run concurrent to the sentence for the 2008 robbery.

At the plea proceeding, defendant admitted that on January 28, 2009, he entered a Radio Shack store on Eight Mile Road in Detroit, where he robbed a woman. He admitted that he had a "weapon" and that he showed this "weapon" to the victim when he robbed her. He also admitted that he was not eligible to possess this "weapon" at the time of the robbery due to a prior carrying a concealed weapon (CCW) conviction. Defendant then admitted that on January 25, 2009, he went to a Game Stop store, also on Eight Mile Road in Detroit, where he was armed with a "weapon." There, with respect to two employees, defendant "show[ed] them the gun" in order to steal items and money from the store. He also admitted that on the day of this second robbery "[he] didn't have a right because [he was] a felon to possess a firearm . . . ."

At defendant's sentencing on July 21, 2009, which addressed the 2008 and the 2009 robberies, defense counsel drew the trial court's attention to the portion of the presentence

---

[2] Lower court case no. 08-010037-01.

[3] *People v Cobbs*, 443 Mich 276; 505 NW2d 208 (1993).

[4] Notably, at the plea proceeding, the prosecutor explained that if the matter went to trial, the prosecutor would ask for consecutive sentences, and that the top end of the sentencing guidelines range was 262 months (or nearly 22 years).

investigation report (PSIR) containing defendant's description of the offense, which indicated that a toy gun had been used in all the robberies:[5]

> *Defense counsel*:  I discuss this because obviously he wouldn't be able to plead to felony[-]firearm on two cases.  I think there was confusion perhaps on the part of the writer [of the PSIR].  The '08 case at the [Speedway] in Livonia was, in fact, a look-alike, a toy gun.  The Livonia police subsequently arrested him and it was clear that they found marked money and there was a look-alike, a toy gun.  And in that case, he is not charged with felony[-]firearm for that reason.

> However, as to the other two cases, the Game Stop and the Radio Shack, I discussed it with him, at the time of the plea, I believe there was a statement made, looking at the plea forms, that in summarizing would have said "I robbed a person, I was armed at the time, that the instrument I was armed with was, in fact, a gun and I have a prior felony, specifically a prior carrying [a] concealed weapon, rendering me ineligible to have a firearm.["]

> I believe that that is a summary of what [defendant] must have said at the time of the plea. . . .  In discussing it with [defendant], he wishes to clear up that confusion and clarify that an[d] re-confirm what he said at the time of the plea.

Counsel asked defendant if that was correct, and defendant stated, "Yes."  Defendant was sentenced pursuant to the *Cobbs* agreement (as well as concurrent terms of 2 to 7 ½ years' imprisonment for the felon-in-possession counts).

In March 2013, defendant filed a delayed application for leave to appeal his guilty pleas to the 2009 robberies.  Defendant argued that his plea was not voluntary and that he had implicitly moved to withdraw his plea at sentencing.  He made the following assertions in support of that argument: (1) in the PSIR he asserted he only used a toy gun in all of the robberies; (2) he confirmed on the record at sentencing that he had no dispute with the facts stated in the PSIR; (3) by doing so, he was claiming innocence and that he was coerced into entering a plea; and thus (4) the trial court should have ordered that the plea be withdrawn and that defendant go to trial.  This Court denied the application for lack of merit on April 15, 2013,[6] and the Supreme Court denied leave to appeal in an order entered on September 3, 2013.

On October 1, 2018, defendant, *in propria persona*, moved for relief from judgment requesting that the trial court vacate his felon-in-possession and felony firearm convictions.  Defendant argued that the gun used in the 2009 robberies was a BB gun that did not meet the

---

[5] Defendant's description of the offense as stated in the PSIR is as follows: "I was trying to get a house.  We were going through a loss of our parental rights on my daughter.  I started using cocaine and Ecstasy.  I had a toy gun and I robbed some places."

[6] *People v Dawson*, unpublished order of the Court of Appeals, entered April 15, 2013 (Docket No. 315087).

definition of a firearm[7] and therefore there was no factual or legal basis for the pleas to the firearms offenses. In support of this position, defendant relied on the arrest report describing the weapon taken from his home as a black and silver BB gun. Defendant contended that his trial counsel was ineffective for advising defendant to take the plea agreement and that appellate counsel was ineffective for failing to raise the issue in the delayed application for appeal. In addition to the firearm convictions being vacated, defendant requested that his sentencing guidelines be recalculated and that he be resentenced on the 2009 armed-robbery convictions.

In response, the prosecution argued that defendant was procedurally barred from seeking relief under MCR 6.508(D)(2) and (3), and, regardless, there was no merit to defendant's claim because he admitted on the record to using a real gun in the 2009 robberies. The fact that defendant had used a toy gun in the 2008 gas station robbery was discussed at sentencing, and defense counsel specifically explained that the second and third robberies were different because defendant used a gun in those robberies. Defendant thus waived any claim that he only used a toy or BB gun. Further, the prosecution argued, there was no inconsistency between defendant using a firearm during the 2009 robberies and him being found over a week later with a BB gun nearby.

The trial court appointed counsel for defendant and scheduled an evidentiary hearing. At the hearing, the parties stipulated to admission of certain exhibits: the arrest report, PSIR, plea transcript, and sentencing transcript. Defendant agreed that there was a single factual dispute, which was whether he possessed an actual firearm during the 2009 robberies. Defendant called one witness, Steve Howard, who was qualified as an expert in firearm identification. Howard did not have the same gun recovered when defendant was arrested, but he examined one of the same make and model. Howard testified that the BB gun identified in the police report used by defendant during the 2009 robberies did not qualify as a "firearm" at the time of the robberies within the meaning of MCL 750.224f and MCL 750.227b.

At a later date, the trial court granted defendant's motion for relief from judgment, explaining its decision in relevant part as follows:

[T]he prosecution did not present a[n] expert or anything to dispute the testimony of an expert being that it is the exact exemplar of the firearm in the police report indicating that's what was used by the defendant. And, therefore, the court will grant defense motion that—and, and find that the gun used by the defendant and charged in the information does not, or is not, was not then a firearm pursuant the statute in 2009, and therefore he did not possess a firearm within the definition of the statute and the felony[-]firearm, um, charge has to be dismissed. And, therefore, the felon in possession . . . would also have to be dismissed being that did not meet the definition of a firearm pursuant to the statute.

---

[7] See MCL 750.222(d), as amended by 2001 PA 135 ("Firearm does not include a smooth bore rifle or handgun designed and manufactured exclusively for propelling by a spring, or by gas or air, BB's not exceeding .177 caliber.").

## II. ANALYSIS

The prosecution argues on appeal that the trial court erred by granting defendant's motion for relief from judgment. We agree.[8]

"A defendant in a criminal case may move for relief from a judgment of conviction and sentence." *People v Swain*, 288 Mich App 609, 629; 794 NW2d 92 (2010). A motion for relief from judgment is governed by MCR 6.508 *et seq*. If a defendant could have raised the issue on direct appeal and failed to do so, he must show "good cause for failure to raise such grounds on appeal . . . ." MCR 6.508(D)(3)(a).[9] "The requirement of 'good cause' can be established by proving ineffective assistance of counsel." *Swain*, 288 Mich App at 631. Further, "[t]he court may waive the 'good cause' requirement of subrule (D)(3)(a) if it concludes that there is a significant possibility that the defendant is innocent of the crime." MCR 6.508(D)(3). If there is good cause or that requirement is waived, the defendant must also demonstrate "actual prejudice." MCR 6.508(D)(3)(b). When a defendant pleads guilty, "actual prejudice" means that "the defect in the proceedings was such that it renders the plea an involuntary one to a degree that it would be manifestly unjust to allow the conviction to stand." MCR 6.508(D)(3)(b)(*ii*). Alternatively, "in any case," actual prejudice may be shown if "the irregularity was so offensive to the maintenance of a sound judicial process that the conviction should not be allowed to stand regardless of its effect on the outcome of the case." MCR 6.508(D)(3)(b)(*iii*).

At its core, the trial court's decision relies on the assumption that the BB gun recovered when defendant was arrested was the same one used in the 2009 robberies. As the prosecutor repeatedly argued below, there is no evidence that this is true. That a BB gun happened to be near defendant at the time he was arrested, which was several days after the second 2009 robbery, does not prove that this was the same weapon used in the robberies. Pursuant to MCR 6.508(D), "defendant has the burden of establishing entitlement to the relief requested." Defendant presented

---

[8] "We review a trial court's decision on a motion for relief from judgment for an abuse of discretion and its findings of facts supporting its decision for clear error." *People v Swain*, 288 Mich App 609, 628; 794 NW2d 92 (2010). "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes, or makes an error of law[.]" *Id.* at 628-629 (citations omitted). "A finding is clearly erroneous if this Court is left with the definite and firm conviction that a mistake has been made." *People v Allen*, 295 Mich App 277, 281; 813 NW2d 806 (2011). "The interpretation of a court rule is a question of law that is reviewed de novo." *Swain*, 288 Mich App at 629.

[9] We will presume for purposes of this appeal that MCR 6.508(D)(2) is not a bar to defendant's claim. That subrule generally provides that a court may not grant relief when the defendant "alleges grounds for relief which were decided against the defendant in a prior appeal" unless certain circumstances are present. There are clearly some similarities between the issues previously raised in this Court and what has now been raised in defendant's motion for relief from judgment. But while similar, it is not clear that defendant's prior claim that he used only a toy gun in the robberies is the same claim, supported by the arrest report, that he used a BB gun to commit the 2009 robberies. Accordingly, we will instead focus on MCR 6.508(D)(3).

no evidence that shows the BB gun was used in the robbery. Rather, as he admitted at the plea proceeding and confirmed at sentencing, he used a firearm to commit the 2009 robberies.

Because defendant has not established that he used a BB gun during the 2009 robberies, he has not established actual prejudice. MCR 6.508(D)(3). Likewise, he has not established good cause or a significant possibility that he is innocent of the firearm convictions. Appellate counsel cannot be ineffective for having failed to raise a claim that defendant did not use a firearm where defendant has not first established that factual basis. When a defendant claims ineffective assistance of counsel, the defendant bears the burden of establishing the factual basis for that claim.[10] *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999). Defendant was afforded an evidentiary hearing, but presented only a single witness, who was not present at any of the robberies and admittedly had no knowledge of what type of weapon defendant actually used at those robberies. The documentary evidence likewise does not establish that defendant actually used a BB gun in the robberies.

Moreover, at his guilty plea proceeding, defendant admitted to using a gun during the 2009 robberies. Defendant specifically admitted to using a "toy gun" during the 2008 robbery, which the victim believed was a real gun. But at his plea proceeding regarding the 2009 crimes, defendant was clearly advised that he was pleading guilty to a number of firearms offenses. He then admitted to using a weapon during the Radio Shack robbery, and that he was not eligible to possess a weapon at that time due to a prior CCW conviction. This amounts to an admission that defendant had a firearm, as only a firearm would be the type of weapon that his prior felony conviction would prohibit him from possessing. With regard to the Game Stop robbery, defendant specifically admitted to using a "gun." He likewise admitted that he was ineligible to possess that gun at the time and that he did not, due the prior CCW conviction, have a right to "possess a firearm[.]" For these reasons, we conclude that defendant admitted to using an actual firearm during these robberies. Defendant cannot now offer his own testimony to deny the truth of these statements, as doing so would amount to a fraud on the court. See *People v White*, 307 Mich App 425, 430-431; 862 NW2d 1 (2014).

Further, at sentencing, defense counsel clearly understood the importance of the fact that defendant used a true firearm during the 2009 offenses. Counsel clarified for the record, and defendant himself confirmed, that he did use an actual firearm during the 2009 offenses, as opposed to the 2008 robbery, where he used a toy gun. Defendant answered, "Yes," when asked by his counsel if he "wishe[d] to clear up that confusion and clarify an[d] re-confirm what he said at the time of the plea," i.e., that he used a true firearm in 2009.

To the extent defendant claims that trial counsel's plea advice was ineffective, he has not demonstrated entitlement to relief. Defendant presented no evidence at the evidentiary hearing

---

[10] To establish a claim of ineffective assistance, a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness under prevailing professional norms and (2) there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different. *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012).

regarding what his counsel told him. He did not testify, nor did he present his former counsel as a witness. In this context, defendant must show that counsel's advice was objectively unreasonable. *People v Douglas*, 496 Mich 557, 591-592; 852 NW2d 587 (2014). He has not shown that the gun he used was actually the BB gun, nor has he established what advice counsel gave him. Beyond that, defendant must also show that the outcome of the plea process would have been different had he received competent advice, *id*. at 592, but he has not offered evidence that he would have declined to enter his pleas—which allowed him to avoid the possibility of consecutive sentences—had counsel given him different advice.[11] The record shows that defendant was fully aware of the consequences of his plea, and after deliberation, chose to take that plea rather than face much harsher penalties in the event of a guilty verdict at trial.

Reversed and remanded for reinstatement of defendant's convictions and sentences. We do not retain jurisdiction.

/s/ Douglas B. Shapiro
/s/ Christopher P. Yates

---

[11] Neither the parties nor the trial court have addressed how the relief granted by the trial court would have affected the *Cobbs* agreement.